NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMERGENCY GROUP OF ARIZONA PROFESSIONAL CORPORATION, an Arizona professional corporation; et al., | No. 20-15684 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-04687-MTL |
| v. | MEMORANDUM* |
| UNITED HEALTHCARE, INC., a Delaware corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted February 4, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Plaintiff-Appellant Emergency Group of Arizona P.C. and other out-of-

network emergency medical providers (collectively, the Medical Groups) appeal

the district court's dismissal of their state-law claims against Appellee United

Healthcare, Inc., et al., (United) challenging United's rate of reimbursement for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

services provided to its insureds. United removed the action from Arizona state court to the federal district court, which concluded that the Medical Groups' claims were completely preempted by § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1132(a). The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instructions to the district court to remand this case back to state court.

Under *Aetna Health Inc. v. Davila*'s two-prong test, ERISA completely preempts a state-law claim if: (1) a plaintiff, "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. 200, 210 (2004). United's preemption argument fails to satisfy prong two. *Id.* The Medical Groups assert legal duties arising under an implied-in-fact contract based on a course of dealing between the parties. These alleged legal duties "would exist whether or not an ERISA plan existed" and thus are independent from the legal obligations imposed by the ERISA plans. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009) (legal duties based on an alleged oral contract between the parties were independent duties); *Barmat v. John & Jane Doe Partners A-D*, 747 P.2d 1218, 1220 (Ariz. 1987) (in banc) ("A contract implied in fact is a true contract—an undertaking of contractual duty imposed 'by

2

reason of a promissory expression.'" (quoting 1 A. Corbin, *Corbin on Contracts* § 18, at 39 (1963)). Thus, because the Medical Groups' claims are based on independent legal duties, they are not completely preempted by § 502(a)(1)(B) of ERISA. *Marin*, 581 F.3d at 949–50.

Because prong two of the *Davila* complete preemption test fails, we need not reach prong one. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018). Moreover, because we conclude the district court erred in dismissing the Medical Groups' state-law claims based on complete preemption, we need not address the Medical Groups' argument that the district court erred by treating all of their claims the same for purposes of preemption and dismissing their amended complaint in its entirety.

Absent complete preemption, the Medical Groups' claims do not arise under federal law and there is no basis for federal-question jurisdiction. *Marin*, 581 F.3d at 951. We therefore reverse and remand with instructions for the district court to remand this case to state court.

**REVERSED and REMANDED with instructions to remand to state court.**